MURRAY McCONNEL *et al.*, plaintiffs in error, *v.* DAVID B. AYRES, administrator of John Kerr, defendant in error.

*Error to Morgan.*

An injunction of a judgment at law, is a release of all errors in the proceedings enjoined; but an injunction to stay proceedings at law, before judgment, does not operate as a release of errors.

John Kerr brought an action of *debt*, by petition and summons, in the Morgan Circuit Court. At the July term, 1838, before the Hon. Jesse B. Thomas, several pleas were filed by the defendants, which were overruled, upon demurrer, and judgment rendered for the plaintiff for $600 debt, and $65 damages. Kerr died, and David B. Ayres was appointed administrator of the estate of Kerr. McConnel and Collins then brought a writ of error upon the judgment, and assigned several errors.

Ayres pleaded that at the June term, 1840, of the Morgan Circuit Court, said cause was removed by change of venue to the Sangamon Circuit Court, and that on the 12th day of December, 1840, the said McConnel and Collins " exhibited their bill in chancery against this defendant, before the Hon. Samuel H. Treat, then the Judge of the Eighth Judicial Circuit of said State, and exercising chancery jurisdiction for the county of Sangamon, in said State, for the purpose of enjoining this defendant from further proceeding on and by virtue of the judgment, in regard to which said plaintiffs have, as aforesaid, assigned the said errors. That the said judge acting and exercising, as aforesaid, chancery jurisdiction in the premises, on the said 12th day of December, 1840, granted an order in writing for said injunction, and that on said day, the said McConnel and one Jacob Bunn executed a bond, conditioned as the law requires, in the penalty of thirteen hundred dollars; and that on said day, the clerk of the Circuit Court of said county issued a writ of injunction, under his hand and seal of office, restraining and enjoining the said defendant from further proceeding in the premises, until the adjudication of the said proceeding in chancery, &c. All of which defendant is ready to verify, and appears by the records of said Circuit Court of the said county of Sangamon; whereby the said errors, so as aforesaid assigned by the said plaintiffs, have been, were, and are released," &c.

The plaintiffs in error replied, "*precludi non*, because said bill in chancery was not filed for the purpose of determining the merits of said cause, but for the purpose of staying the judgment therein, until the record in this cause could be amended according to the facts; said bill setting out that upon the proceeding by *scire facias* to revive the judgment in favor of Ayres, no service was had upon either the said defendants therein, the plaintiffs in error; that by mistake their appearance had been entered, and without authority, by filing a demurrer; that upon affidavit filed, a motion was made to strike said demurrer from the files, and withdrawing appearance, which motion was granted, but by mistake of the clerk, no further entry was made than that the demurrer was withdrawn; and that upon such erroneous entry, judgment was entered by default; that defendants below, plaintiffs in error, did not know of the mistake, until judgment was rendered and execution issued; and at that time they had no opportunity to apply to the Morgan Circuit Court, to get the said record amended. They aver that it is their right and intention to have the record of the Morgan Circuit Court amended, and certified to the Sangamon Circuit Court, and to procure the record of said Morgan Circuit Court to be so amended as to withdraw said erroneous appearance by the defendants; and then by motion in the Sangamon Circuit Court, to procure said judgment to be arrested, and the execution thereon issued set aside, and the case re-docketed, and set for hearing, as though no appearance had been entered. And to the end that all this might be done, and that the defendants, the plaintiffs in error, might not be injured by the error and mistake of said clerk of said Court, defendants prayed an injunction to stay further proceedings upon the execution, and against collecting said judgment, until the order of said court of chancery could be had in the premises, and that a perpetual injunction be awarded against the collection of said judgment and execution, and that the court of chancery render such other and further aid and relief in the premises, as to equity and justice may belong, by ordering the appearance aforesaid to be set aside—which is substantially all in substance of the complaint and prayer of said bill—all the equity therein set forth; and this they are ready to verify, wherefore plaintiffs pray judgment," &c.

The defendant in error demurred to said replication, and the plaintiffs in error joined in demurrer.

M. McConnel and J. A. McDougall, for the plaintiffs in error.

J. J. Hardin, D. A. Smith, and A. T. Bledsoe, for the defendant in error.

Wilson, Chief Justice, delivered the opinion of the Court:
John Kerr obtained a judgment in the Morgan Circuit Court,

against the defendants below, McConnel and Collins, and then died. Ayres, thereupon, took out letters of administration and became a party to the judgment. The cause was subsequently removed to the Sangamon Circuit Court, by a change of venue, after which the defendants applied for, and obtained, an injunction against the judgment. This injunction was afterwards dissolved, upon which the defendants have brought up the judgment rendered in the Court below, for review in this Court; and assign for error the proceedings and judgment in the Morgan Circuit Court.

The question growing out of the proceedings, and the only one proper for our adjudication, is whether the injunction to the judgment at law, is a bar to the errors that may have occurred in the proceedings at law.

The eleventh section of the " *Act regulating the issuing of writs of Ne Exeat and Injunction,*" (1) provides that no injunction shall be granted to stay any judgment at law, for a greater sum than the complainant shall show himself equitably not bound to pay, and so much as shall be sufficient to cover costs; and every injunction, when granted, shall operate as a release of all errors in the proceedings at law prayed to be enjoined. This provision of the statute is conclusive upon the point in controversy. The language is clear and unequivocal, that the injunction shall operate as a release of all errors in the proceedings prayed to be enjoined. It proceeds upon the ground, that the party having by his application to a court of chancery, delayed his adversary in obtaining the fruits of his judgment at law, and having voluntarily elected to rest his cause upon the principles of equity, he shall not afterwards be allowed to take advantage of the omissions or mistakes that may have occurred in the proceedings at law, in any other way than that which he has thus chosen to adopt.

Having selected his tribunal, he must abide by its decision. He will not be allowed to pursue two remedies at the same time, and, in so doing, claim for himself the benefit of the mild and beneficent principles of equity, and at the same time apply to his adversary the harsh and rigid rules of law. Nor is it perceived that any injustice can result from this restriction of a party to the tribunal chosen by himself; for it is a well established principle of a court of chancery, that when it has once obtained jurisdiction of a cause, it will retain it for all the purposes of complete justice between the parties.

In relation to an application to a court of chancery to grant a new trial at law, or in the case of a bill of discovery, to obtain the testimony of a party, to be used in a trial at law, in which an injunction is also prayed, there does not exist the inconsistency or hardship that the counsel seem to imagine. In the first case supposed, if the application is successful, and a new trial is granted,

(1) R. L. 468; Gale's Stat. 510.

the cause is tried *de novo*, without regard to what may have taken place in the previous trial. And if the application should fail, the party is in no worse condition than he was before he made it. Although upon the filing a bill of discovery, an injunction to stay proceedings at law should be granted, yet that would not operate as a release of errors, because, to produce that effect, there must be, according to the statute, an injunction of a judgment at law; and where no judgment has been rendered, the proceedings in their incipient stage only are stayed.

The demurrer is sustained, and the judgment is affirmed.

*Judgment affirmed.*